■ SHURGOUR & BACON CONSTRUCTION COMPANY, INC., Respondent, v. EMPIRE DEVELOPMENT CORPORATION et al., Appellants.—Judgment affirmed, with costs. All concur. (Appeal from a judgment of Orleans Supreme Court adjudging the rights of the parties under their stipulation of settlement, and dismissing defendants' counterclaim on a separate trial of issue of release.) Present—McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ MARINETTA T. HERING, Appellant, v. ARELYN C. THURSTON, Respondent.—Judgment insofar as appealed from reversed on the law and facts, with costs, and judgment directed in favor of plaintiff in accordance with the memorandum, with costs. Appeal from judgment entered July 3, 1958, dismissed as academic. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: The plaintiff proved her cause of action by a fair preponderance of the evidence and is entitled to equitable relief by way of specific performance requiring the defendant to assign her interest to plaintiff in the mortgage covering the premises briefly described as 990 Mt. Hope Ave., Rochester, New York. All concur. (Appeal from a judgment of Ontario Trial Term, referring the matter to take the account of plaintiff and determine the share of down payments by purchasers and subsequent payments on a mortgage to which defendant is entitled; also appeal from part of a judgment of the same court and Justice, following a report by the Referee, dismissing the complaint on the merits and awarding defendant judgment.) Present—McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

■ In the Matter of the Claim of ALBERT ABDO, SR., Appellant, against CITY OF BUFFALO, Respondent.—Order affirmed, without costs of this appeal to either party. All concur. (Appeal from an order of Erie Special Term denying a motion by petitioners to serve a late notice of claim. Present—McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ JOSEPH CALIGURIE, Respondent, v. SCHRECK'S IRON AND METAL CORPORATION, Appellant.—Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The plaintiff had a verdict for injuries alleged to have been sustained by a fall on the defendant's premises. It was established that the plaintiff was a business invitee. The theory of liability, as set out in the complaint, was that on the day of the accident, "and for many days preceding", the defendant permitted an accumulation of ice or icy condition on the floor of the warehouse. There was no claim that the defendant itself had caused this alleged condition nor proof that it had actual notice of the same. Whether there was an icy condition of the floor and for what length of time and whether in the exercise of reasonable care, the defendant should have discovered and corrected the condition or given warning of the same, were jury questions, under proper instructions. In the main charge, nothing was said as to notice, actual or constructive. After the jury retired, the court entertained requests. Defendant asked the court to instruct the jury "that in order to hold the defendant liable for a defect in the way of an icy condition of the premises, it was not only necessary for plaintiff to prove that there was such ice on the premises, but that the defendant either had notice of this defect or should have known of it in the exercise of due care in the maintenance of the premises." The court declined to so charge and defendant excepted. Failure to properly instruct the jury on the subject of notice was error. All concur. (Appeal from a judgment of Niagara Trial Term for plaintiff in a negligence action.) Present—McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.